414 F.2d 1326
 72 L.R.R.M. (BNA) 2140
 COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff-Appellee,
v.
AMERICAN RECORDING AND BROADCASTING ASSOCIATION,
Defendant-Appellant, and Radio & Television
Broadcast Engineers Union, Local 1212,
International Brotherhood of
Electrical Workers, Defendant.
 No. 526, Docket 33103.
 United States Court of Appeals Second Circuit.
 Argued March 28, 1969.
Decided Sept. 3, 1969.
 
 Emanuel Dannett, Jacob Silverman, George B. Yankwitt, McGoldrick, Dannett, Horowitz & Golub, New York City, for plaintiff-appellee.
 Robert Silagi, Guazzo, Silagi & Craner, New York City, for defendant-appellant.
 Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.
 WATERMAN, Circuit Judge:
 
 
 1
 The Columbia Broadcasting System, Inc. (CBS) instituted the action below to enjoin a pending arbitration proceeding between it and the American Recording and Broadcasting Association (ARBA) and to compel a tripartite joint arbitration between the company, ARBA, and Radio & Television Broadcast Engineers Union, Local 1212, International Brotherhood of Electrical Workers (Local 1212) to settle a work assignment dispute involving the two unions. ARBA contended that the court lacked jurisdiction under 301 of the Labor Management Relations Act, 1947, and that the complaint failed to state a claim upon which relief could properly be granted. The district court held that the court had jurisdiction and that CBS had presented a valid claim. The motion to consolidate the arbitration proceedings was therefore granted. We affirm the district court.
 
 
 2
 Prior to February 14, 1967, Local 1212 was the exclusive bargaining representative of both the 700 broadcast technicians and the 100 recording engineers employed by CBS. In 1966, during negotiations for a new collective bargaining agreement, the recording engineers became disenchanted with Local 1212 and formed ARBA, which was certified as their bargaining representative on February 14, 1967. Local 1212 concluded a collective bargaining agreement with CBS on December 5, 1966, and ARBA concluded such an agreement on June 7, 1967. The ARBA contract and the contract with Local 1212 each contain broad clauses for arbitration by the American Arbitration Association and each contain expansive work assignment provisions. After CBS assigned certain work to members of Local 1212 a dispute arose over the assignment because that work had previously been performed by the recording engineers when they were members of Local 1212. ARBA contended that this work should continue to be performed by their members, the recording engineers, and demanded arbitration of its claims. Subsequently CBS served on Local 1212 a demand for arbitration of the issue of whether its agreement with Local 1212 required that this work continue to be performed by members of Local 1212. CBS took the position that it had not contractually granted jurisdiction over the assigned work to either union and that it would assign the work as it saw fit; and finally instituted this action to require that the two arbitrations be consolidated.
 
 
 3
 The initial question is whether the district court had jurisdiction to entertain the action by CBS. If 301 is read literally a negative answer might be reached, for the statute covers suits 'for violation of contracts between an employer and a labor organization,' and CBS, while seeking to enjoin one arbitration proceeding and to consolidate it with another such proceeding, does not claim that there had been any violation of any labor contract. However, each union claims its contract has been violated. There is ample authority holding that 301 gives the federal courts broad jurisdiction to deal with many types of controversies that arise between labor and management. In John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), for example, the Supreme Court upheld a ruling which compelled an employer to arbitrate with a union even though it had never entered into a contract with the union. Similarly, this court has affirmed a district court decision which indicated that the district court would have jurisdiction over an action by a union to compel arbitration under a recognition agreement signed by the employer which stated that the union and the employer would enter into a contract on the same terms as the majority of the union's contracts with other employers, any disputes to be settled by arbitration. A. Seltzer & Co. v. Livingston, 253 F.Supp. 509 (SDNY), aff'd per curiam, 361 F.2d 218 (2 Cir. 1966). Thus, even though the statute only specifically mentions 'violation of contracts' federal courts have taken jurisdiction over disputes between unions and employers when no formal contracts between them were in existence. This being so, the district court correctly found it had jurisdiction over a work assignment dispute between two unions when both unions had contracts with the same employer, and the employer, even though it does not claim a violation of either contract, seeks judicial action. Cf. Transportation-Communication Employees Union v. Union Pacific R. Co., 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966) (where one of two unions sought judicial intercession under the Railway Labor Act in a tripartite dispute). Surely the taking of jurisdiction by the district court in the present dispute is in line with the overall national policy of furthering industrial peace by resort to agreed-upon arbitration procedures. See, e.g., United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 577-578, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), citing Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).
 
 
 4
 Although the district court properly took jurisdiction, the power of the district court to order the consolidation of the two arbitration proceedings here involved is questioned by ARBA. ARBA argues that its dispute with CBS should be governed by its collective bargaining agreement with CBS alone and that it is a violation of common law contract principles to go beyond that document and bring a third party and that party's agreement with CBS into a tripartite proceeding. The Supreme Court has made it clear, however, that a collective bargaining agreement is
 
 
 5
 '* * * more than a contract; it is a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate. See Shulman, Reason, Contract, and Law in Labor Relations, 68 Harv.L.Rev. 999, 1004-1005. The collective agreement covers the whole employment relationship. It calls into being a new common law-- the common law of a particular industry or of a particular plant. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra at 578-579 of 363 U.S., 80 S.Ct. 1347.'
 
 
 6
 An argument similar to that advanced by ARBA here was rejected by the Supreme Court in Transportation-Communication Employees Union v. Union Pacific R. Co., supra, where a tripartite arbitration was ordered in connection with a work assignment dispute in a case covered by the Railway Labor Act. There, speaking for the majority, Mr. Justice Black reaffirmed the concept announced in United Steelworkers about a 'new common law' for labor contracts and then expanded upon it by saying that in order to interpret such agreements
 
 
 7
 '* * * it is necessary to consider the scope of other related collective bargaining agreements, as well as the practice, usage and custom pertaining to all such agreements. This is particularly true when the agreement is resorted to for the purpose of settling a jurisdictional dispute over work assignments.' Id. at 161 of 385 U.S., 87 S.Ct. at 371.
 
 
 8
 As the type of dispute here so closely parallels the type involved in Transportation-Communication Employees Union v. Union Pacific R. Co., supra, we hold that the district court had the necessary power to order joint arbitration.[1]
 
 
 9
 Finally, though the district court had jurisdiction of the case and had power to order a joint arbitration, the issue of whether there was a proper exercise of that power remains to be resolved. We hold that the district court did not abuse its power.
 
 
 10
 The contracts that CBS had with ARBA and with Local 1212 contain broad arbitration provisions. Were this not so, we would have a very different situation. Also, though the two contracts provide for different methods of choosing an arbitrator acceptable to the parties,[2] Local 1212 has agreed to arbitrate its dispute before the arbitrator who had been chosen in accord with the method agreed upon by ARBA and CBS to arbitrate their dispute. Therefore, whatever difficulty might have plagued the court if there had been a disagreement among the parties on this point was and is obviated.[3]
 
 
 11
 As the district judge stated in his opinion below:
 
 
 12
 'Compelling all three parties to the dispute to submit their grievances to the same arbitration is practicable, economical and convenient for the parties and the arbitrator. It is sound because it not only avoids duplication of effort but the possibility of conflicting awards.' 293 F.Supp. 1400, 1403.
 
 
 13
 We affirm the order requiring arbitration of the claims of the three parties in this one consolidated proceeding before the one agreed-upon arbitrator.
 
 
 
 [1]
 ARBA argues in its brief that the Federal Rules of Civil Procedure do not apply to arbitration proceedings, and that Rule 42(a) which provides for the consolidation of actions involving common questions of law and fact is inapplicable. The argument is irrelevant. The district court did not rely on Rule 42(a) for power to order the consolidation here, but relied upon the developing common law of labor contracts mentioned in the text of this opinion
 
 
 [2]
 The ARBA contract with CBS provides that disputes shall be arbitrated under the rules of the American Arbitration Association. According to those rules, the AAA submits to both sides panels of arbitrators from which a mutual selection is made. This is done separately for each dispute, for each is treated as a separate case. The contract between CBS and Local 1212 provides for the appointment of a permanent Impartial Umpire but the contract provides that he must act under the rules of the AAA
 
 
 [3]
 In the Transportation-Communication Employees Union v. Union Pacific R. Co. case the governing statute, the Railway Labor Act, designated the tribunal to hear the arbitration