500 F.2d 921
 86 L.R.R.M. (BNA) 3240, 74 Lab.Cas. P 10,222
 BELL AEROSPACE COMPANY DIVISION OF TEXTRON, INC., Plaintiff-Appellant,
v.
LOCAL 516, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),
Defendant-Appellee, Niagara Frontier Technical Association,
Local 205, American Federation of Technical Engineers,
Defendant-Appellant.
 Nos. 1160, 1161, Dockets 73-1487, 74-1135.
 United States Court of Appeals, Second Circuit.
 Argued June 12, 1974.
Decided July 26, 1974.
 
 Richard E. Moot, Buffalo, N.Y. (Mason O. Damon, James N. Schmit, and Ohlin, Damon, Morey, Sawyer & Moot, Buffalo, N.Y., on the brief), for plaintiff-appellant.
 Richard Lipsitz, Buffalo, N.Y. (Eugene W. Salisbury and Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., on the brief), for defendant-appellee.
 Thomas P. McMahon, Buffalo, N.Y., for defendant-appellant.
 Before LUMBARD, HAYS and TIMBERS, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 This is an appeal by two parties from a judgment of the district court confirming an arbitration award in a jurisdictional dispute among an employer and two unions over assignment of jobs in the employer's plant. Local 516, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), defends the award and judgment of the district court in all respects. Niagara Frontier Technical Association, Local 205, American Federation of Technical Engineers, appeals on the ground that the arbitrator exceeded his powers, denied Local 205 a fair hearing, and acted with evident partiality. We hold that these claims lack merit and to that extent we affirm the decision of the district court. The employer, Bell Aerospace Company, appeals on the ground that the award was ambiguous and contradictory and should have been remanded for clarification. We find this claim justified and to that extent we reverse and remand.
 
 I.
 
 2
 In September and October 1970 Local 516 filed two grievances claiming that jobs properly belonging to its members under its collective bargaining agreement with Bell had been assigned to members of Local 205. Bell tried but failed to obtain a Unit Clarification Order from the National Labor Relations Board. Bell then filed a grievance against Local 205 and demanded arbitration. On July 30, 1971, Bell filed in the district court a complaint against both unions under section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1970), and sought an order to compel tripartite arbitration. On August 5, 1971, the court preliminarily enjoined further arbitration proceedings until it could dispose of Bell's complaint. On January 12, 1972, acting pursuant to 9 U.S.C. 4 (1970), the district court ordered that all grievances be heard in a single proceeding before an arbitrator.
 
 
 3
 After conducting hearings and receiving exhibits and briefs the arbitrator issued his award on January 30, 1973. Local 205 petitioned the district court to vacate the award and Local 516 moved to confirm the award. On March 14, 1973, the court granted the motion of Local 516. On April 17, 1973, Local 205 moved to vacate the award on the ground that the arbitrator had so imperfectly executed his powers that a final, definite award was not made. Bell cross moved on the same ground to have the award remanded to the arbitrator for clarification. On May 17, 1973, the district court granted Bell's motion.
 
 
 4
 On June 28, 1973, the arbitrator issued his clarification. Local 516 moved in the district court to confirm the award as clarified. Bell opposed the motion on the ground that the award was still ambiguous despite the clarification. The district court agreed that 'the language of the award appears to be contradictory.' Nevertheless the court confirmed the award on the ground that the arbitrator had done 'his best' and that there was 'no reason to believe that a remand would lead to any additional clarification.'
 
 
 5
 Bell and Local 205 appealed.
 
 II.
 
 6
 Local 205 claims that the award must be vacated because the arbitrator exceeded his powers, denied a fair hearing, and showed partiality.
 
 
 7
 A federal court may vacate the award of an arbitrator only on the grounds specified in 9 U.S.C. 10 (1970). Local 205's first claim is that the arbitrator exceeded his powers within the meaning of 9 U.S.C. 10(d) by going beyond the scope of the collective bargaining agreement between Bell and 205 and considering the certification of Local 516. In Columbia Broadcasting System, Inc. v. American Recording and Broadcasting Ass'n, 414 F.2d 1326 (2d Cir. 1969), this court held relying on Transportation-Communication Employees Union v. Union Pacific R.R., 385 U.S. 157, 161, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966), that the developing common law of labor contracts permitted the district court to go beyond the scope of a collective bargaining agreement and compel tripartite arbitration. 414 F.2d at 1328-1329. To accept Local 205's argument would effectively nullify our former holding by preventing the arbitrator from referring to documents necessary to resolve the dispute. The collective bargaining agreements with both unions and the NLRB certification were relevant to the jurisdictional dispute here and the arbitrator did not exceed his powers by referring to all of them.[1]
 
 
 8
 3, 4$ Local 205 also claims that the arbitrator was guilty of 'misbehavior by which the rights of any party (may) have been prejudiced' within the meaning of 9 U.S.C. 10(c) by referring to an affidavit which was not placed in evidence. The district court found that the affidavit was part of the record in an NLRB case which the parties had stipulated was relevant. Moreover, Local 205 had notice of inclusion of the affidavit in the record through a letter from the attorney for Bell. In handling evidence an arbitrator need not follow all the niceties observed by the federal courts. He need only grant the parties a fundamentally fair hearing. Reliance on the affidavit did not deny Local 205 a fair hearing.
 
 
 9
 Finally, Local 205 claims that the arbitrator was guilty of 'evident partiality' within the meaning of 9 U.S.C. 10(b). The only basis for the claim is that the arbitrator consistently relied on evidence and reached conclusions favorable to Local 516. This does not establish 'evident partiality.' There is no evidence that the arbitrator was biased or prejudiced, that he was predisposed to favor either party, or that he acted out of any improper motives. Cf. Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967).
 
 III.
 
 10
 Bell claims that because of the ambiguity of the award the arbitrator 'so imperfectly executed (his powers) that a mutual, final, and definite award upon the subject matter submitted was not made.' 9 U.S.C. 10(d). The district judge accepted this argument the first time the case came before him and remanded the matter to the arbitrator for clarification. After clarification the court confirmed the award.
 
 
 11
 Courts will not enforce an award that is incomplete, ambiguous, or contradictory. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), modifying on other grounds, 269 F.2d 327, 331-332 (4th Cir. 1959); IBEW, Local 369 v. Olin Corp., 471 F.2d 468, 472-473 (6th Cir. 1972); Hanford Atomic Metal Trades Council v. General Electric Co., 353 F.2d 302, 307-308 (9th Cir. 1965); United Steelworkers v. Timken Roller Bearing Co., 324 F.2d 738, 741 (6th Cir. 1963); IAM v. Crown Cork & Seal Co., 300 F.2d 127 (3d Cir. 1962). In this case it appears that the award is ambiguous.
 
 
 12
 First, the award seems contradictory on its face. The question before the arbitrator is which union is to perform the calibration on the thousands of test instruments which require periodic calibration. The clarification of the award on remand reads in pertinent part as follows:
 
 
 13
 '1. Calibration
 
 
 14
 'The Award of January 30, 1973 disposed of 516's grievance 70-692 in the following language: All inspecting and testing, including associated calibrating, of deliverable products and/or products' components, including US2-28, VATLS, SMASH, DVM Accelerometers and PBPS shall be performed by employees represented by Local 516, UAW.
 
 
 15
 'This means employees represented by Local 516, UAW shall inspect, test and perform the calibration associated with such inspection and testing on all deliverable products and/or products' components, including US2-28, VATLS, SMASH, DVM, Accelerometers and PBPS. This does not mean that Local 516 has the right to perform all calibrating required by the Company. Nor does it mean 516 will be denied any calibration work performed by 516 prior to this arbitration.
 
 
 16
 'The Award of January 30, 1973 disposed of 516's item No. 10, grievance 70-716, in the following language: The calibration tests on all pneumatic, hydraulic, electro/mechanical and hydrostatic test instrumentation used for tests and the recording of tests shall be performed by employees represented by Local 205, AFTE.
 
 
 17
 'This means employees represented by Local 205, AFTE shall perform calibration tests on all pneumatic, hydraulic, electro/mechanical any hydrostatic test instrumentation used for tests and the recording of tests. This does not mean that Local 205 has 'the right to all calibration' required by the Company. Nor does it mean that 205 must sacrifice any of its work within the confines of its work jurisdiction as established by the National Labor Relations Board (Case 3-US-39) and discussed on page 156 of the Opinion.'
 
 
 18
 On the one hand, these jobs would seem to be 'associated with . . . testing,' and thus within the award to Local 516. On the other hand, they would seem to fall under 'calibration tests on . . . instrumentation used for tests,' and thus to be within the award to Local 205. Construing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts.
 
 
 19
 Bell claims, and Local 516 does not deny, that it has met with both unions and that they cannot agree on assignments under the award. Local 516 argues that the award grants to Local 205 calibration associated with research and development and to Local 516 all other calibration jobs. Perhaps this is what the arbitrator intended, but certainly one could not gather that interpretation from the face of the award. Moreover, that construction cannot stand because the clarification clearly states that 516 will not lose any work already assigned to it, but members of 516 have in the past been assigned to do calibration associated with research and development.
 
 
 20
 None of the parties has advanced a clear and compelling interpretation of the award.
 
 
 21
 The decision of the district court found that 'the language of the award appears to be contradictory.' Having so found, the court was bound to commit the matter to further arbitration. The purpose of arbitration is to resolve disputes, not to create new ones. An award which does not fulfill this purpose is unacceptable.
 
 
 22
 We therefore reverse that portion of the judgment of the district court which confirmed the award on calibration work and remand for further proceedings consistent with this opinion.
 
 
 23
 On remand the parties may, of course, select an arbitrator if they can agree among themselves. If they cannot agree, the district court must appoint the arbitrator. In view of the objections raised by Local 205 and the failure of the previous arbitrator to make a definite, unambiguous award even after the matter was remanded for clarification, it would be advisable for the district court to appoint a new arbitrator if the parties cannot agree.
 
 
 
 [1]
 It appears, moreover, that Local 205 conceded this point prior to arbitration, for the stipulation of facts entered into by the parties includes the certification as a document 'which may be relevant to the final determination of this action.'