**Application of NEW YORK TYPO-GRAPHICAL UNION NO. 6,**

**For an Order Conforming an Arbitration Award**

**v.**

**AA JOB PRINTING and the Jewish Press, Inc., Respondents.**

84 Civ. 8734 (RLC).

United States District Court, S.D. New York.

Oct. 3, 1985.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City (Andrew Irving, Mark Risk, of counsel), for petitioner.

Rappaport & Frost, New York City (Gary L. Berenholtz, of counsel), for respondents.

OPINION

ROBERT L. CARTER, District Judge.

Petitioner New York Typographical Union No. 6 ("the Union") moves for an order pursuant to Rule 55, F.R.Civ.P., granting judgment by default in favor of the Union or, in the alternative, for an order pursuant to Rule 56, F.R.Civ.P., granting summary judgment in favor of the Union confirming the arbitration awards rendered by Designated Arbitrator Walter L. Eisenberg (the "arbitrator") on July 4, 1982 and August 27, 1984 (the "award"). Respondents AA Job Printing Corp. and the Jewish Press, Inc. (the "employer") cross-move for an order pursuant to Rule 56 granting the respondents summary judgment dismissing the petition.

In the absence of a statement by respondent of material facts at issue as required by Rule 3(g), Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, the court is required to view the facts as set forth by the petitioner in its Rule 3(g) statement as admitted unless controverted by the statement required to be served by a respondent. *S.E.C. v. Research Automation*

*Corp.*, 585 F.2d 31, 34 n. 6 (2d Cir.1978). The following facts, therefore, as set out in petitioner's Rule 3(g) statement are undisputed:

Petitioner is a labor organization representing employees in the printing industry and is subject to the provisions of the Labor Management Relations Act of 1947, as amended (the "Act"). Respondents are employers within the meaning of the Act. The Printers' League is a multi-employer association that bargains with the union on behalf of the employer and other employers in the printing industry. The Union and the Printers' League entered into a 1974 collective bargaining agreement with a term beginning on October 4, 1975, and ending on October 3, 1985, then agreed to amend the 1974 contract and extend its term to October 3, 1989. The contract as originally written, amended and extended provided for resolution of disputes between the Union and individual employer members of the Printers' League by a designated arbitrator and named Walter L. Eisenberg to this position.

The Union submitted a dispute to Eisenberg for adjudication on October 29, 1980. The issues submitted concerned the existence of a contract between the Union and employer, the jurisdiction of the arbitrator to hear the matter, and whether the employer violated the collective bargaining agreement by allegedly failing to pay the employees covered by that contract wages and benefits, including contributions to certain jointly administered funds, and by requiring employees to follow a work schedule violative of the contract. A remedy for any finding of violative conduct was also sought.

Eisenberg filed an interim opinion and award on July 4, 1982, ruling that a contract existed between the parties and that the matter submitted by the Union was arbitrable. A final opinion and order was issued on August 29, 1984, finding that the employer had violated the contract, that certain actions to remedy the violations were required of the employer, including provision of personnel, wage, hour and related records that were necessary to effectuate the remedy. The Union made a written demand for these documents on September 7, 1984, and no response was made by the employer.

On or about November 9, 1984, the Union filed a petition seeking confirmation of the award pursuant to NYCPLR § 7510 returnable to the Supreme Court of the State of New York, County of New York, on November 29, 1984. The employer did not appear and did not serve an answer to the petition. An order of default was subsequently entered in State court on December 3, 1984. The employer removed the proceeding to this court on December 6, 1984, and filed its answer on January 3, 1985.

Respondent's answer was untimely since, under the pertinent terms of Rule 81(c), F.R.Civ.P., "[i]n a removed action in which the defendant has not answered, he shall answer ... within 20 days after the receipt ... of a copy of the initial pleading ..., or within 20 days after the service of summons upon such initial pleading, ... or within 5 days after the filing of the petition for removal, whichever period is longest." No answer was filed as of December 11, 5 days after the removal, or as of December 26, which would have been at the very least 20 days after receipt of a copy of the complaint or service thereof and respondents were therefore in technical default. A decision on the merits, however, is favored by this court, *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983), and the existence now of a filed answer as well as petitioners' failure to move for default during the weeks subsequent to respondents' expiration of time also favors a decision on the merits.

■ Respondents' first defense to the Union's motion for summary judgment and first argument in favor of their own motion is that the arbitrator failed to render a final and definite award. *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America,* 500 F.2d 921, 923 (2d

Cir.1974). However, the award here is complete, final and definite in all respects save for the provision of information necessary to calculate back pay and benefits due Union members according to the contract. This information is in the hands of respondents and has been under subpoena during the arbitration and, in the award, ordered to be turned over to the Union. Such a post-award requirement does not abrogate the finality of an arbitrator's award. *Kallen v. District. 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL–CIO*, 574 F.2d 723 (2d Cir. 1978). Further, respondents should not profit from their own intransigence in providing the required records.

 Respondents' second defense and second argument for summary judgment consists of the assertion that a pending matter before the National Labor Relations Board concerning unfair labor practices preempts the petition for confirmation of the arbitration award. Petitioner does not dispute that on July 24, 1984, United Production Workers Union, Local 17–18 filed a petition, case nos. 29 RC 6211 and 6212, for an election with the NLRB seeking to represent the same employees now subject to the award. Petitioner argues, however, that the NLRB action is immaterial to the instant action which seeks to enforce a final arbitration award pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. District courts possess jurisdiction under § 301 to enforce such awards pursuant to a collective bargaining agreement independent of the jurisdiction granted the NLRB. *William E. Arnold Co. v. Carpenters District Council*, 417 U.S. 12, 15, 16, 94 S.Ct. 2069, 2071–72, 40 L.Ed.2d 620 (1974); *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss and Company, Inc.*, 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

Respondents' final defense and argument rests on an allegation of sexual discrimination based upon an unsupported claim that application of the award would result in the disproportionate firing of female, nonunion employees in favor of male, union workers. Without support from a Rule 3(g) statement or like pleading, this allegation utterly fails as a defense to confirmation of the arbitration award.

For the above reasons, summary judgment is granted to petitioner for confirmation of the award and respondents' cross-motion for summary judgment is denied.

IT IS SO ORDERED.