**NYP HOLDINGS, INC. d/b/a New York Post, Plaintiff,**

v.

**NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, Ronald O'Keefe, and John Does Nos. 1 through 20, Defendants.**

**No. 07 CV 2133(VM).**

United States District Court, S.D. New York.

June 17, 2007.

Michael Gordon Starr, Vanessa Marie–Carmelle Thomas, Hogan & Hartson L.L.P., New York City, for Plaintiff.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff NYP Holdings, Inc. d/b/a New York Post (the "Post") brought this action against defendants Newspaper and Mail Deliverers' Union of New York and Vicinity ("NMDU"), Ronald O'Keefe ("O'Keefe"), the President of the NMDU, and John Does Nos. 1 through 20 (collectively, "Defendants") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Post sought an injunction barring Defendants from engaging in any work stoppage for the duration of the negotiations then underway between the Post and the International Union of Operating Engineers, Local 94–94a–94b ("Local 94"). On March 16, 2007, the Court heard arguments from the parties and denied the Post's request for a temporary restraining order pending a preliminary injunction hearing. On April 4, 2007 and April 6, 2007, the Court held a hearing on the Post's application for a preliminary injunction. By Decision and Order dated April 24, 2007, the Court denied that application. The Post now brings a motion for reconsideration pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 6.3"). For the reasons set forth below, that motion is DENIED.

### I. BACKGROUND

The facts underlying this action are set forth in the Court's Decision and Order dated April 24, 2007, familiarity with which is assumed. *See NYP Holding's, Inc. v. Newspaper and Mail Deliveries' Union of New York and Vicinity*, 485 F.Supp.2d 416 (S.D.N.Y.2007) (the "Decision").

### II. DISCUSSION

#### A. STANDARD OF REVIEW

Reconsideration of a judicial order pursuant to Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). Pursuant to Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the

court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 400 (2d Cir.2000); *Anemone v. Metropolitan Transp. Auth.,* 419 F.Supp.2d 602, 603 (S.D.N.Y.2006) (*citing Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

## B. *THE POST'S MOTION FOR RECONSIDERATION*

In denying the Post's application for a preliminary injunction, the Court determined that the Status Quo Order issued by the arbitrator on the morning of March 1, 2007 (the "Order") was limited to the circumstances then in existence and placed no further obligation on the parties beyond that day. The Court summarized the arguments made by the Post and the NMDU in support of their respective interpretations of the Order and stated, "Having closely reviewed the text of the Order, the Court concludes while its wording is admittedly somewhat ambiguous, the more persuasive reading of the Order is that it is, in fact, limited to the circumstances that

prevailed on March 1." *NYP Holdings,* at 420. Based on the Court's statement that the wording of the Order was "admittedly somewhat ambiguous," the Post now argues that the Court should have remanded the matter to the arbitrator for clarification.[1]

In support of its motion, the Post cites a number of Second Circuit cases setting forth the rule that, at least under certain circumstances, a district court should not enforce an arbitration award that is ambiguous, indefinite, or contradictory, but should instead remand the matter to the arbitrator for clarification. *See New York Bus Tours, Inc. v. Kheel,* 864 F.2d 9, 12 (2d Cir.1988) ("When an arbitration award provides no clear instruction as to how a court asked to enforce the award should proceed, the court should remand to the arbitrator for guidance."); *Americas Ins. Co. v. Seagull Compania Naviera, S.A.,* 774 F.2d 64, 67 (2d Cir.1985) ("An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce."); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW,* 500 F.2d 921, 923 (2d Cir.1974) ("Courts will not enforce an award that is incomplete, ambiguous, or contradictory.").

The Court notes preliminarily that the cases cited by the Post all deal with the situation in which a district court sought to affirm an arbitration award despite having

---

1. The NMDU argues that the Post's motion for reconsideration is improper because the Post has not previously argued that the Order is ambiguous. The NMDU's argument is not without merit. The Post was certainly aware that the parties were offering substantially different interpretations of the Order, and it failed to raise the argument that the matter should be remanded to the arbitrator for clarification if the Order were found to be ambiguous. However, the Post does not argue that the Order is ambiguous. To the contrary, it has maintained throughout this proceeding that the Order is quite clear and not subject to any other interpretation but that which the Post asserts. The stated purpose of its motion for reconsideration is to alert the Court to controlling decisions which it believes the Court's Decision overlooked and which would have produced a different outcome if considered, in response to what it asserts is a finding by the Court that the Order was ambiguous. Under these circumstances, a motion for reconsideration pursuant to Rule 6.3 is proper. *See Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, *1 (S.D.N.Y. Jan. 18, 2000).

found it incomplete or ambiguous. It is not clear that the same analysis would apply to situations where, as in the present case, the district court did not affirm an arbitration award, having determined that in fact it was no longer in effect. However, for the reasons discussed below, even assuming that the doctrine cited by the Post were to apply here, the Court concludes that the Post's motion for reconsideration must be denied.

As discussed in the Decision, the parties offered divergent views on the issue of whether the Order was limited to the circumstances prevailing on the morning of March 1 or whether it placed a continuing obligation on the parties beyond that date. The Order, which was originally issued over the telephone on March 1, 2007 and was memorialized on March 7, 2007, concluded by stating:

> After some discussion, I issued a Status Quo Order, directing members of the NMDU to cease and desist from refusing to perform services, finding that their refusal was in violation of the provisions of the "no strike" clause. The Post's offer is found to be a reasonable effort to provide security to drivers against possible misconduct of strikers or persons acting in concert with them. The directive was based upon assurances of the Employer that there would be two drivers (employees) in each truck for the morning of March 1, 2007.

*NYP Holdings*, at 420. The NMDU argued that the Order is limited to the morning of March 1, *i.e.*, that the drivers were to return to work that morning on the condition that Post provided additional security. The Post contended that the Order imposed a continuing obligation on the NMDU not to strike for as long as negotiations continued between the Post and Local 94. The Post's argument that the Order had continuing effect was based on its view that the NMDU drivers had stopped working because they were involved in a sympathy strike with Local 94, and not because they genuinely feared for their safety.

In its analysis of the Order, the Court initially noted that the wording of the award was "admittedly somewhat ambiguous," in that it gave rise to divergent readings that underlay the parties' dispute: it did not explicitly state that its effect was limited to the morning of March 1 or that it extended until negotiations with Local 94 were completed. By this comment, the Court merely acknowledged that the interpretation suggested by the Post was not expressly contradicted by the text of the Order, but neither was that of the NMDU. In the very next sentence, the Court explained that "it might be reasonable to infer that the Order was intended to have continuing effect for as long as negotiations are ongoing with Local 94," but only if the Order could be read as containing a determination by the arbitrator that the NMDU engaged in a sympathy strike. *NYP Holdings*, at 420.

After summarizing the parties' respective interpretations of the Order and their corresponding arguments, and upon further analysis, including consideration of the circumstances existing on March 1 as well as the provision of the collective bargaining agreement referenced in the Order, the Court expressed its own determination regarding the most appropriate construction of the Order. It found that the Order did not include a finding that the NMDU had engaged in a sympathy strike, and it therefore concluded that "there is no basis for the Court to infer that the Order was intended to have continuing effect beyond March 1." *Id.* Accordingly, in the final analysis, the Court in fact did not conclude, as the Post contends, that the Order was ambiguous.

For this reason, the Court did not undertake the analysis now urged by the Post.

Furthermore, even if the Court's statement that the wording of the Order was "somewhat" ambiguous were grounds for it to consider whether remand was appropriate, the degree of the ambiguity the Order reflects would still not warrant remand to the arbitrator.

Second Circuit decisions that have found remand appropriate have generally made reference to the existence not simply of *some* ambiguity, but of a degree of ambiguity, incompleteness, or contradiction substantial enough that resolution by the reviewing court would require it to intrude into the province of the arbitrator. Here, rather than intruding on the province of the arbitrator, the Court actually denied the injunctive relief the Post requested that would have extended the remedy the Post sought to a point well beyond that which the arbitrator may have contemplated when he issued the Order. By contrast, in *Bell Aerospace,* a seminal case on this issue, the Circuit Court held that the district court, having found that the "the language of the award appears to be contradictory," was then "bound to commit the matter to further arbitration." 500 F.2d at 924. The appellate court stated that not only did the award seem "contradictory on its face," but that "[n]one of the parties [had] advanced a clear and compelling interpretation of the award." *Id.* In *Kallen v. District 1199, Nat'l Union of Hosp. & Health Care Employees,* decided shortly after *Bell Aerospace,* the Second Circuit affirmed a district court's decision rejecting the claim that an arbitrator's award was ambiguous and should be remanded, holding that the award was not "too vague or incomplete to merit enforcement." 574 F.2d 723, 726 (2d Cir.1978). *See also Americas Ins.,* 774 F.2d at 67 (finding "*sufficient* ambiguity to require a remand in the instant case") (emphasis added); *New York Bus Tours,* 864 F.2d at 12 (finding remand appropriate when an arbitration award "provides no *clear instruction* as to how a court asked to enforce the award should proceed") (emphasis added).

Lower courts in this district, following the Second Circuit's holdings, have also required that an award be substantially ambiguous before remanding to the arbitrator. *See, e.g., Possehl, Inc. v. Shanghai Hia Xing Shipping,* 2001 WL 214234, *7 n. 2 (S.D.N.Y. Mar. 1, 2001) ("Awards may be remanded to arbitrators if they are 'ambiguous or incomplete.' However, the [arbitration] panel majority's analysis is not so ambiguous as to warrant a remand.") (*citing Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 112 (2d Cir.1993)).

In the present case, any ambiguity in the wording of the Order is slight. This is not a case in which the arbitration award is "contradictory on its face," nor is it a case in which neither party "advanced a clear and compelling interpretation of the award." On the contrary, to the extent that any ambiguity exists with respect to wording of the Order, that ambiguity is minimal and is eliminated by further analysis of the surrounding circumstances and relevant provision of the collective bargaining agreement. The Court therefore finds that remand to the arbitrator is not appropriate in this case. Accordingly, the Post's motion for reconsideration is denied.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiff NYP Holdings, Inc. (Docket No. 15) for reconsideration is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**