864 F.2d 9
 130 L.R.R.M. (BNA) 2277, 110 Lab.Cas. P 10,867
 NEW YORK BUS TOURS, INC., Parochial Bus Systems, Inc., d/b/a
New York Bus Service, Plaintiffs-Appellants, Cross-Appellees,
v.
Theodore W. KHEEL, Defendant,
Sonny Hall, as President of the Transport Workers Union of
America, Local 100, Intervenor-Defendant-Appellee,
Cross-Appellant.
 Nos. 62, 136, Dockets 88-7375, 88-7407.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 19, 1988.
Decided Dec. 21, 1988.
 
 Joseph S. Rosenthal, New York City (Jacqueline I. Meyer, Bondy & Schloss, New York City, of counsel), for plaintiffs-appellants, cross-appellees.
 Edward J. Groarke, Mineola, N.Y. (Richard L. O'Hara, Colleran, O'Hara & Mills, P.C., Mineola, N.Y., of counsel), for intervenor-defendant-appellee, cross-appellant.
 Before KEARSE and PIERCE, Circuit Judges, and STEWART, District Judge.*
 PIERCE, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Southern District of New York (J. Owen) which 1) grants the application of Local 100 of the Transport Workers Union of America ("the Union") to confirm and enforce an arbitration award, and 2) orders New York Bus Service ("the Company") to pay the award to the Union on behalf of 83 of the Company's bus operators. The Union appeals that part of the judgment which denied the Union's application for attorneys' fees.
 
 
 2
 Since the arbitration award does not make clear whether the Company must pay the bus operators, we vacate so much of the judgment as orders the Company to pay the Union on behalf of these employees and we remand to the district court with instructions to remand to the arbitrator for clarification of the award. We affirm the district court's denial of the Union's application for attorneys' fees.
 
 BACKGROUND
 
 3
 New York Bus Service operated buses for the transportation of students for the New York City Board of Education ("the Board"). In 1979, the Company decided to cease operations for almost three months when members of the Amalgamated Transit Union, Local 1181, engaged in a wildcat strike. The Company claims that the threat of violence from the strikers prevented it from operating its buses. The Company's bus operators, members of the Transport Workers Union of America, Local 100, were not involved in the strike. After the strike, the operators, claiming they were ready, willing and able to work, sought to be paid for the nearly three-month period in which they were out of work. The Company, which received no compensation from the Board for the period of the shutdown, refused to pay the operators until it received payment from the Board. The Union and the Company entered arbitration over the matter pursuant to their collective bargaining agreement.
 
 
 4
 On October 18, 1979, Theodore Kheel, the arbitrator, issued his opinion and award. Kheel found that in the past, when both the Company and the operators were willing to provide service but were prevented from doing so because of events beyond their control, the Board compensated the Company for the period of the shutdown and the Company paid the employees. Kheel ended the penultimate paragraph of his opinion as follows:
 
 
 5
 Since the practice of the parties ... is clear and established by the record and the conditions under which the Company becomes entitled to compensation are present, I must and do hereby hold that the employees are entitled to be paid for the time they lost during the wild-cat strike.
 
 The last paragraph of the award reads:
 
 6
 Since my decision is based on the practice established by the parties pursuant to the Board's obligation to the Company, I hereby stay enforcement of my award pending satisfaction of the Board's obligation to the Company. I have been assured by the Company that it will proceed promptly to enforce its claim against the Board, that it has filed notice of its claim with the Board and that it is commencing suit against the Board. Nevertheless, I am retaining jurisdiction to make certain that all measures are taken to assure prompt enforcement.
 
 
 7
 After Kheel issued his decision, the Company, on November 8, 1979, sued the Board in New York state court for payment for the period of the wildcat strike. On January 4, 1983, the Appellate Division, First Department, held that the Board did not owe the Company payment since the Company had not been justified in ceasing operations. Parochial Bus Systems, Inc. v. Board of Educ., 91 A.D.2d 13, 18, 457 N.Y.S.2d 285, 288 (1983). On December 15, 1983, the New York Court of Appeals affirmed the judgment of the Appellate Division, but on the ground that the action was barred because the Company failed to notify the Board properly of the action. Parochial Bus Systems, Inc. v. Board of Educ., 60 N.Y.2d 539, 548, 470 N.Y.S.2d 564, 568, 458 N.E.2d 1241, 1245 (1983).
 
 
 8
 During the course of the litigation against the Board, the Company brought suit to have Kheel removed as arbitrator. On December 15, 1982, the Company and the Union resolved this issue when they agreed that Kheel would resign as arbitrator on May 31, 1983, and that Kheel would "conclude and decide all arbitration proceedings pending before him on May 31, 1983 or within seven days after such date, if possible."
 
 
 9
 On January 6, 1984, three weeks after the New York Court of Appeals affirmed the dismissal of the Company's claim against the Board, the Union asked Kheel to vacate the stay in his arbitration award. Four days later, the Company wrote to Kheel, arguing that he lacked authority to modify the award. On February 14, 1984, in a document entitled "Response to Requests," Kheel wrote that the stay was no longer valid. On May 21, 1985, over a year later, at the Union's request, and despite the Company's protest, Kheel scheduled a hearing to determine how much the Company owed the operators.
 
 
 10
 Before the hearing could be held, the Company obtained a temporary restraining order in New York State Supreme Court enjoining Kheel from acting as arbitrator. The Union removed the case to the United States District Court for the Southern District of New York. In an order dated October 3, 1986, the district court denied the Union's motion to dissolve the temporary restraining order and concurrently directed the parties to submit the case to a new arbitrator to determine the amount due the employees. In his amended opinion preceding the order, Judge Owen wrote that Kheel's award to the Union was "not contingent" on the Company's "success in its suit against the Board of Education."
 
 
 11
 On December 14, 1987, the new arbitrator, Eric Schmertz, fixed damages for the arbitration award, but made no ruling on whether the Company was liable to the Union. In an order and judgment dated April 18, 1988, the district court granted the Union's application to confirm and enforce the Schmertz award and ordered the Company to pay the Union on behalf of the employees. The court denied the Union's application for attorneys' fees.DISCUSSION
 
 
 12
 The Company argues that the district court's judgment should be reversed because the Kheel arbitration award clearly forbids enforcement until the Board satisfies the Company's claim. Since the Company lost its suit against the Board and has not been compensated, the Company argues, the award cannot be enforced.
 
 
 13
 In his award, Kheel wrote that "the employees are entitled to be paid for the time they lost during the wild-cat strike." In staying enforcement of the award, Kheel seemed to assume that the Board would pay the Company. He wrote, "the conditions under which the Company becomes entitled to compensation are present," and, "I have been assured by the Company that it will proceed promptly to enforce its claim against the Board, that it has filed notice of its claim with the Board and that it is commencing suit against the Board." In light of the facts that Kheel felt the employees were entitled to be paid and that he stayed enforcement to allow the Company to seek payment by the Board, it is not at all clear what Kheel intended in the event the Company was not paid by the Board.
 
 
 14
 The language of the award does not make it clear that Kheel intended that the employees be paid even if the Company was not. Kheel could have written that he stayed the award pending resolution of the Company's claim against the Board. Instead, he wrote that enforcement was stayed "pending satisfaction of the Board's obligation to the Company" (emphasis added).
 
 
 15
 The award provides no clear instruction as to what to do if the Company's claim was not satisfied. When an arbitration award provides no clear instruction as to how a court asked to enforce the award should proceed, the court should remand to the arbitrator for guidance. See Olympia & York Florida Equity Corp. v. Gould, 776 F.2d 42 (2d Cir.1985); Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir.1985) ("a court should not attempt to enforce an award that is ambiguous or indefinite"). In Olympia & York, the arbitration award gave one party to a joint venture the option to buy the venture's assets and required that if he did buy, he close on the sale within sixty days. The party exercised the option to buy but failed to close on the sale. Finding that the award gave no clear instructions on what to do in case the party failed to close on the sale, we directed the district court to remand to the arbitrators to clarify their intentions. Here, as inOlympia & York, the arbitration award provides no clear guidance as to how to proceed in circumstances the arbitrator apparently did not foresee, and so we are constrained to remand the case to the arbitrator for clarification.
 
 
 16
 Nevertheless, the Union points to Kheel's "Response to Requests," dated February 14, 1984, wherein he stated that the stay "no longer has any validity," as evidence that Kheel intended the Company to fulfill its obligation to its employees. We do not believe, however, that Kheel's statement is dispositive. First, it is unclear whether Kheel still had jurisdiction over this dispute when he issued his "Response to Requests" in February 1984. In their settlement agreement of December 15, 1982, the Union and the Company agreed that Kheel would resign as arbitrator on May 31, 1983, and that Kheel would "conclude and decide all arbitration proceedings pending before him on May 31, 1983 or within seven days after such date, if possible." This language is ambiguous. The parties may have intended Kheel to have seven days after May 31, 1983 to settle his affairs as arbitrator, and then after those seven days, Kheel would cease to have jurisdiction over the case. Under this reading of the language, by February 14, 1984, Kheel lacked jurisdiction to modify the award.
 
 
 17
 We recognize, however, that one could read the language as allowing Kheel to retain jurisdiction as arbitrator until it was possible for him to conclude and decide all matters before him, even if it took longer than seven days. If one accepts this interpretation, and one further accepts the argument that it was not possible for Kheel to resolve this matter before February 14, 1984, then one would conclude that Kheel had jurisdiction when he issued his "Response to Requests." Even if we assume arguendo that Kheel retained jurisdiction as arbitrator until February 14, 1984, we do not believe that Kheel's statement that the stay "no longer has any validity" compels a finding in favor of the Union. By his statement that the stay was no longer valid, Kheel may have meant that the stay was no longer desirable, because the only reason for it--to allow the Company an opportunity to seek the funds from the Board--no longer existed. Alternatively, Kheel may have meant that the stay was no longer necessary because the event upon which his award was contingent--the Company's collecting from the Board--would no longer occur, and therefore the award was a nullity. Since Kheel's statement in his "Response to Requests" is ambiguous, it does not clearly support the Union's argument that the employees are entitled to be paid. Therefore, even if Kheel had jurisdiction on February 14, 1984, his "Response to Requests" does not resolve the matter.
 
 
 18
 On May 21, 1985, when he scheduled a hearing on damages, Kheel made clear that he felt the employees should be paid. However, by this date Kheel lacked jurisdiction. Since the New York Court of Appeals rendered its decision on December 15, 1983, Kheel surely could have resolved the ambiguity created by the stay before May 21, 1985. Thus, even under a generous interpretation of the language in the settlement agreement--allowing Kheel to retain jurisdiction until it was possible to resolve the matters before him--Kheel lacked jurisdiction by the time he scheduled the hearing on damages.
 
 
 19
 It might well be that in 1979 Kheel would have wanted the employees to be paid even if the Board did not compensate the Company. All the language in Kheel's award, except the words "satisfaction of the Board's obligation to the Company," would seem to point to that conclusion. However, it is not our place to determine the intent of an arbitrator when the award fails to make the arbitrator's intent clear. Americas, 774 F.2d at 67. Consistent with the case law and federal statutes, we should not undertake to construe the meaning of arbitration awards where they are unclear. This would serve only to undermine the authority of arbitrators, and to entangle the courts in disputes which the parties originally had agreed to settle privately.
 
 CONCLUSION
 
 20
 For the foregoing reasons, we vacate that part of the district court's judgment requiring the appellants to pay appellee, and remand to the district court with instructions to remand to the arbitrator to clarify whether the arbitration award requires that the employees be paid.
 
 
 21
 Since we accept the Company's argument that the award does not clearly require payment to the employees even if the Company was not paid by the Board, we affirm the district court's denial of the Union's application for attorneys' fees.
 
 
 
 *
 Hon. Charles E. Stewart, Jr., Senior Judge, United States District Court for the Southern District of New York, sitting by designation