**NEW YORK BUS TOURS, INC., Parochial Bus Systems, Inc., d/b/a New York Bus Service, Plaintiff,**

v.

**Theodore W. KHEEL, Defendant,**

**Sonny Hall, as President of the Transport Workers Union of America, Local 100, Intervenor–Defendant.**

**No. 85 Civ. 4724(RO).**

United States District Court, S.D. New York.

June 18, 1992.

Bondy & Schloss, New York City, for plaintiff; Joseph S. Rosenthal, Jacqueline I. Meyer, of counsel.

Colleran, O'Hara & Mills, Garden City, N.Y., for intervenor-defendant; Edward J. Groarke, of counsel.

OPINION AND ORDER

OWEN, District Judge:

Over twelve years ago, on October 18, 1979, arbitrator Theodore W. Kheel issued an Opinion and Award to resolve whether

---

bus drivers employed by New York Bus Tours, Inc. were entitled to compensation for a period of three months during which they were out of work due to a wild-cat strike that led the bus company to close down operations. His opinion, in major part, read as follows:

The evidence demonstrates that the Company and Union as well as the 83 employees here claiming to be paid were ready, willing and able to provide bus service throughout the duration of the wild-cat strike but were prevented because of an event over which neither the Company, the Union nor the employees had any control, namely the efforts of persons involved in the strike to prevent the Company's buses from operating. The employees reported for work and were paid initially. Together with the Company, they attempted to provide service. The Company's officials consulted the Board and the Police and concluded, on the basis of the advice and information they received, that it would not be possible to operate the buses. The employees and their Union continued throughout the duration of the strike to indicate their availability to work but the circumstances growing out of the strike prevented the Company from resuming service.

In my opinion, all of the conditions entitling the Company to compensation under the provision of its contract with the Board of Education set forth above are here present. The Company and its employees were ready, willing and able to provide service and attempted to provide service but were prevented from providing service by an event over which neither the Company, the Union, nor the employees had any control. The circumstances were directly comparable to an emergency closing of the school by the Board of Education due to weather or other conditions. Since the practice of the parties pursuant to that provision is clear and established by the record and the conditions under which the Company becomes entitled to compensation are present, I must and do hereby hold that the employees are entitled to be paid for the time they lost during the wild-cat strike.

Since my decision is based on the practice established by the parties pursuant to the Board's obligation to the Company, I hereby stay enforcement of my award pending satisfaction of the Board's obligation to the Company. I have been assured by the Company that it will proceed promptly to enforce its claim against the Board, that it has filed notice of its claim with the Board and that it is commencing suit against the Board. Nevertheless, I am retaining jurisdiction to make certain that all measures are taken to assure prompt enforcement.

*Opinion and Award, Impartial Chairman, Theodore W. Kheel*, at 3–4 (October 18, 1979) (*New York Bus I*). Unfortunately, as events would have it, the Company did not properly notice its claim on the Board of Education and the New York Court of Appeals dismissed the Company's action. *Parochial Bus Systems Inc., et al. v. The Board of Education of the City of New York*, 60 N.Y.2d 539, 470 N.Y.S.2d 564, 568, 458 N.E.2d 1241, 1245 (Ct.App. 1983) (*New York Bus II*).

Thereafter, in its first appearance before me, following the intervention of the Transport Workers Union of America, Local 100 and the removal to Federal Court, the Company argued that the language in arbitrator Kheel's Opinion staying the decision constituted a determination that the award was contingent upon the Company's success in its suit against the Board of Education, and that since the Company had been unsuccessful, it owed nothing to the employees. I did not read Kheel's Opinion to say this at all, concluding that the statement, "I must and do hereby hold that the employees are entitled to be paid for the time they lost during the wild-cat strike", was in no way an expression that the employees' compensation was contingent upon the Company's recovery from the Board, and the decision to "... stay enforcement of my award pending satisfaction of the Board's obligation to the Company", was merely a statement of the parties' practice

that payment of the compensation could await resolution of the Company's action against the Board at which time, it was assumed, it, the Company, would come into funds to pay the employees. *See New York Bus Tours, Inc. v. Theodore W. Kheel and Sonny Hall*, 85 Civ. 4724 (RO), at 4 (S.D.N.Y. December 1, 1985) (Amended Opinion, March 25, 1986 at 4–5, 1985 WL 4410) (*New York Bus III*). Kheel's Opinion certainly did not suggest that the employees' right to back pay was at the mercy of a mortal procedural gaffe by the *Company's* attorneys. Accordingly, I remanded the case for further arbitration to determine the amount of back wages. Because by this time Kheel's powers as arbitrator had expired pursuant to stipulations of the parties, I directed that the arbitration as to the amount of compensation due the employees should proceed before the newly designated Impartial Arbitrator.

In accordance with that direction, the new arbitrator, Eric Schmertz, conducted a hearing and issued an Opinion and Award dated December 14, 1987 awarding the employees back pay, plus interest, in the amount of $375,956. I granted the Union's motion to confirm and enforce this award and ordered the Company to pay the Union on behalf of the employees. *New York Bus Tours, Inc. v. Theodore W. Kheel and Sonny Hall*, 85 Civ. 4724 (RO) (S.D.N.Y. April 18, 1988) (*New York Bus IV*). The Company appealed and the Court of Appeals reversed. It reasoned that, "[i]n light of the facts that Kheel felt the employees were entitled to be paid and that he stayed enforcement to allow the Company to seek payment by the Board, it is not at all clear what Kheel intended in the event the Company was not paid by the Board", *New York Bus Tours v. Theodore W. Kheel and Sonny Hall*, 864 F.2d 9, 12 (2d Cir.1988) (*New York Bus V*), and, accordingly, vacated and remanded with instructions to remand to "the arbitrator" to clarify whether the award required that the employees be paid regardless of the success of the Company's success in its action against the Board. *Id.* at 12–13.

On receipt of the Court of Appeals' mandate to remand to "the arbitrator", over the Company's objection, I remanded the action to Kheel, the arbitrator who authored the award, in accordance with what I understood arbitration practice to be when an award requires clarification, *see* discussion pp. 81–82, *infra*, and directed that he answer the following certified question: "Was it your intent in the October 18, 1979 Opinion and Award to require the Company to pay the affected employees' wages and benefits in the event the Company was not compensated for the period of the wildcat strike (February 20 through May 10, 1979) by the New York City Board of Education?" *New York Bus Tours, Inc. v. Theodore W. Kheel and Sonny Hall*, 85 Civ. 4724 (RO) (S.D.N.Y. January 27, 1989) (*New York Bus VI*). Kheel submitted a Clarification and answered the certified question stating, "It was my intent in the October 17, 1979 Opinion and Award to require the Company to pay the affected employees' wages and benefits in the event the Company was not compensated for the period of the wildcat strike (February 20 through May 10, 1979) by the New York City Board of Education." Thereupon, I granted the Union's motion to confirm and enforce the Opinion and Award of arbitrator Schmertz, and entered a judgment ordering the Company to pay the Union now $400,378 on behalf of the employees. *New York Bus Tours, Inc. v. Theodore W. Kheel and Sonny Hall*, 85 Civ. 4724 (RO) (S.D.N.Y. March 8, 1989) (*New York Bus VII*).

The Company appealed again. The Court of Appeals again reversed, ruling that I had erred in interpreting its instructions to remand to "the arbitrator" for clarification, by remanding the matter to arbitrator Kheel rather than arbitrator Schmertz, as Kheel no longer had jurisdiction to decide any matter in this action. The Court of Appeals remanded a second time with instructions to remand the matter to arbitrator Schmertz stating:

We therefore vacate the judgment of the district court enforcing the award, and remand with instructions that the matter be remanded to Arbitrator Eric J. Schmertz to clarify whether the arbitra-

tion award required that the employees be paid in the event that the Company did not recover from the Board. There is no basis for this court to suggest to Schmertz how he should proceed to clarify the award.

*New York Bus Tours v. Theodore W. Kheel and Sonny Hall*, 891 F.2d 278 (2d Cir. Nov. 29, 1989) (*New York Bus VIII*).

Accordingly, I remanded to arbitrator Schmertz to clarify whether the arbitration award of arbitrator Kheel required that the employees be paid. *New York Bus Tours v. Theodore W. Kheel and Sonny Hall*, 85 Civ. 4724 (RO) (S.D.N.Y. March 16, 1990) (*New York Bus IX*). Pursuant to this, Schmertz held hearings over three days, October 30, 31, and November 1, 1991, at which the Company and the Union presented evidence, including the testimony of Kheel who, not unexpectedly, I am sure, stated that it was his intent that the employees be paid unconditionally even if the Company was not paid by the Board. Thereafter, on March 11, 1992, Schmertz issued an Opinion and Award stating:

> Based on Mr. Kheel's testimony under Oath as to the meaning and intent of his award, I find that his award is clarified to mean that the employees are to be paid in the event that the Company did not recover from the Board of Education.

*Opinion and Award, Impartial Chairman, Eric J. Schmertz* at 6 (March 11, 1992) (*New York Bus X*). Schmertz expressly rejected the Company's demand that *he* independently of Kheel's input determine what Kheel's 1979 Award meant, stating:

> In my over thirty-years as an arbitrator, it has been my unvaried experience that the clarification of an ambiguous award, like its modification or correction, is for the original arbitrator.
>
> Hence, in this case I conclude that my authority under the Court's Order and remand to 'clarify,' is confined to finding out what *Mr. Kheel* intended. My authority does not extend to *my* interpretation of his award on its face or to interpret it based on the beliefs and testimony of others as to what *they* think it was

supposed to mean, or should mean, or even, specifically, to resolving the conflicting testimony on whether or not there had been some agreement on what Mr. Kheel was to award.

\*　\*　\*　\*　\*　\*

> Mr. Kheel is the only one possessing the mental processes to definitively state what *he* meant. If his award is to be 'clarified,' the best, indeed the only one who can provide the clarifying answers is Mr. Kheel himself.

*New York Bus X* at 3–4.

The Company now moves to vacate this most recent award rendered by Schmertz asserting that he acted in "manifest disregard of the law" when he permitted Kheel to testify as to his intent and arguing that the "clarification" by Schmertz should not have been based upon such testimony of Kheel because the Court of Appeals had previously held that Kheel did not have jurisdiction to clarify the issue himself. In this regard I agree with arbitrator Schmertz that although Kheel no longer has jurisdiction to decide any matters in this action as an *arbitrator*, there was no bar to his testifying as a fact witness, under oath and subject to cross-examination, and any testimony that he so provided, if credited, could be used by the current arbitrator in carrying out his duty to clarify Kheel's original award. *See New York Bus X* at 4 ("[Kheel] cannot do it now *as the arbitrator* because, as the Circuit court ruled, he is no longer the impartial chairman, and because his authority as arbitrator was not reinstated for that purpose. But he is not mentally or physically disabled, nor judicially enjoined from offering probative testimony on what he intended when he *was* the arbitrator."). Schmertz approached his obligations on the remand exactly as he should have and as he was specifically directed to do by the Court of Appeals, *see* p. 81 *supra*. In specific language the Court directed him to *clarify Kheel's award*, not decide *de novo*, and expressly refrained from suggesting how he should proceed to so clarify. Thus, the purpose of the remand being to determine what Kheel meant in his original Opinion,

clearly the best way—and indeed the only way—was to get this information directly from the horse's mouth. *See Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1264 (5th Cir.1980).

The present position of the Company would force this case into a Victorian garden maze which has no exit. However, the exit from the garden maze *is* in view. Schmertz did clarify any ambiguity that existed; the departure from the maze should proceed expeditiously and the employees who have waited over ten years to recover should finally be paid.

Accordingly, the Union's cross-motion to confirm and enforce the Opinion and Award of Eric J. Schmertz dated March 11, 1992 clarifying the Opinion and Award of Theodore W. Kheel dated October 18, 1979 is granted. The motion of New York Bus Tours, Inc. for an order vacating the award is denied.

Submit order and judgment accordingly.