STRAUB, Circuit Judge,
concurring:
I agree with the majority with respect to the disposition of this case. I write separately to emphasize that while our role in reviewing an arbitration award is extremely limited, this case presents the type of extraordinary circumstances that warrant remand.
The majority reasons that remand is required here because “the lack of clarity in the arbitration panel’s award does not permit us at this time to determine whether the Award was issued in manifest disregard of the law or exceeded the powers of the arbitrators.” (internal citations omitted). Our caselaw suggests that such “lack of clarity” should result in upholding the award. We have held that even if it is “probable” that a panel based its award on legally erroneous grounds, the award should be upheld so long as there is a “plausible” legal basis for the award. See Duferco Int’l. Steel, v. T. Klaveness Shipping, 333 F.3d 383, 392 (2d Cir.2003) (“In construing an arbitral award we look to only plausible readings of the award, and not to probable readings of it. Even absent a plausible reading free of error, we would confirm the award if we independently found legal grounds to do so.”). We have also stated, however, that in some limited circumstances, arbitration awards may be remanded “so that the court will know exactly what it is being asked to enforce.” Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir.1985). I believe remand is appropriate here because this case presents such “limited circumstances.”
Here, the arbitration panel heard testimony with respect to securities losses sustained by the Riches. Due to an intervening class action settlement, some of those *85 losses became ineligible for arbitration. The arbitration panel acknowledged this fact, and even indicated an intent to award for both the eligible and ineligible losses and to leave it to the District Court to void the award as it pertained to ineligible losses. However, in issuing the Award, the panel failed to specify the amount awarded for eligible losses versus the amount awarded for ineligible losses. Accordingly, the District Court was faced with an award that it could not enforce without further information. See id.; see also New York Bus Tours, Inc. v. Kheel, 864 F.2d 9, 12 (2d Cir.1988) (“When an arbitration award provides no clear instruction as to how a court asked to enforce the award should proceed, the court should remand to the arbitrator for guidance.”). Given the unique facts of this case, I agree with the majority that remand in order to direct the arbitration panel to provide a breakdown of its award is the proper course of action.
I also emphasize that in ordering a remand here, we do not require the arbitrators to state the reasons for their award, but only to state the precise amount of the award attributable to WorldCom losses as well as the precise amount of the award attributable to non-WorldCom losses. We in no way intend to preclude the panel from answering that the award was intended to compensate solely for WorldCom losses or solely for non-WorldCom losses. “A remand for clarification in such circumstances would not improperly require arbitrators to reveal their reasons, but would instead simply require them to fulfill their obligation to explain the award sufficiently to permit effective judicial review.” Siegel v. Titan Indus. Corp., 779 F.2d 891, 894 (2d Cir.1985). “Such a limited review of an arbitrator’s award is necessary if arbitration is to serve as a quick, inexpensive and informal means of private dispute resolution.” Id. (internal quotation marks and citation omitted). Remand for the limited purpose of asking the arbitration panel to provide a breakdown of the award will ensure that the District Court “will know exactly what it is being asked to enforce.” Americas Ins. Co., 774 F.2d at 67.
Accordingly, I concur in the judgment.