INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, LOCAL 279,
Plaintiff-Appellant,

v.

SID RICHARDSON CARBON COM-
PANY, Defendant-Appellee.

No. 71–3389.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1973.

James R. Edwards, Norman Bennett, Gerald L. Anderson, Lubbock, Tex., for plaintiff-appellant.

John E. Price, Fort Worth, Tex., for defendant-appellee.

Before DYER, Circuit Judge, SKELTON,[*] Judge, and INGRAHAM, Circuit Judge.

INGRAHAM, Circuit Judge:

Sid Richardson Carbon Company has a plant in Odessa, Texas, producing carbon black. The plant utilizes two methods of production—a traditional method of burning natural gas in a channel (a channel plant) and a second more experimental process of production by incomplete burning of oil in a furnace (a furnace plant). Local 279 of the International Union of Operating Engineers has been the recognized collective bargaining agent for the production employees at the channel plant at all times relevant to this appeal. Employees at the furnace plant were also represented by Local 279, but in a separate unit.[1] Local 279 disclaimed any further representational interest in the furnace unit at the conclusion of its initial certification year.

In 1971 during contract negotiations Local 279 filed a petition for unit clarification with the NLRB, case No. 16–UC–46. The petition, however, was withdrawn before decision. Simultaneously the Union filed unfair labor practice charges and a suit under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) to compel arbitration of the following questions:

"Whether or not the collective bargaining contract covered, at the time the contract was entered into or at some time during the term of the contract by accretion, the employees or jobs at the furnace plant and whether or not the union is entitled to recognition in a unit of all hourly employees in the channel and furnace plants.

"Whether or not the employees at the channel plant were told they would be laid off in a manner that violates or breaches the terms of the collective bargaining contract."

Sid Richardson answered the 301 action, admitting all elements of the complaint except the arbitrability of the questions and the representation of furnace employees by Local 279. Both parties moved for summary judgment, which, after extensive briefing of the questions of arbitration of representation questions and, specifically, arbitration of accretions, was entered in the company's favor. The district court's holding in its entirety was:

"Came on to be considered the Motion for Summary Judgment filed herein by the Defendant, and the Court having heard the argument of counsel and considered the briefs submitted by the parties and the affidavits filed in the proceedings, has determined that the National Labor Relations Board has exclusive jurisdiction of the matter involved in this suit.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed herein by the Defendant be, and hereby is GRANTED and the Plaintiff shall take nothing by its suit and the costs herein shall be assessed against the Plaintiff."

---

[*] Honorable Byron G. Skelton, of the U. S. Court of Claims, sitting by designation.

[1]. The NLRB established a unit for the open channel plant in 1946 in case No.

16–R–1732. The unit of furnace plant employees was designated in the Board proceeding No. 16–RC–3046 in 1961.

We agree with the result of the denial of arbitration, but disagree with the reason for its denial. Since the suit for arbitration was due to be denied, we affirm.

The crux of this case is whether parties can contractually agree to arbitrate representation questions. If the agreement provides for such arbitration, concurrent jurisdiction of the National Labor Relations Board will not deprive the parties of their bargain. Amalgamated Ass'n. of Street, Electric Ry. & Motor Coach Employees of America v. Lockridge, 403 U.S. 274, 301, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); Carey v. Westinghouse Elec. Corp., 375 U.S. 261, 268, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964); Smith v. Evening News Ass'n, 371 U.S. 195, 197, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). It is indeed an unusual contract which will provide for arbitrable issues dealing with accretions of employees by other bargaining units, or, as would be postulated here, the accretion of a separate unit by another unit. Such questions are principally for the Board. But a district court and an arbitrator are not preempted in a 301 action by such considerations if the contract's arbitration provisions are "arguably" applicable to the dispute and the facts of the dispute convince the district court that the parties had indeed agreed to arbitrate. International Union of Operating Engineers, Local 150, AFL–CIO v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972); Jacksonville Newspaper Printing Pressmen & Assistants' Union No. 57 v. Florida Publishing Co., 468 F.2d 824 (5th Cir., 1972); Southwestern Bell Tel. Co. v. Communication Workers of America, 454 F.2d 1333 (5th Cir., 1971); Lodge 1327, International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Fraser & Johnston Co., 454 F.2d 88 (9th Cir., 1971). The representational nature of the question alone is an insufficient basis to deprive parties of contracted for arbitration. Carey v. Westinghouse Elec. Corp., *supra.* Accommodation of arbitration with the Board also presents no bar to such an order. Lodge 1327, International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Fraser & Johnston Co., *supra.* Where a unit clarification petition or unfair labor practice charge is in progress, whether before or after an arbitration decision, the Board has demonstrated its ability to make its own accommodation to the arbitration process. Lodge No. 12, etc. v. Cameron Iron Works, 257 F.2d 467 (5th Cir., 1958); Spielberg Mfg. Co., 112 N.L.R.B. 1080 (1955); Collyer Insulated Wire, 192 N.L.R.B. 150 (1971). This again presents no reason to deprive the parties of their bargain. But the question of substantive arbitrability in a Section 301 case is for the court. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); accord, United Steel Workers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steel Workers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steel Workers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); accord, John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Compare International Union of Operating Engineers, Local 150, AFL–CIO v. Flair Builders, Inc., *supra.* We must therefore determine both whether the parties agreed to arbitrate and what issues were included in the agreement under this circuit's previously announced standard of arguable arbitrability. *See* Lodge No. 12, etc. v. Cameron Iron Works, Inc., *supra;* Communication Workers of America v. Southwestern Bell Tel. Co., 415 F.2d 35 (5th Cir., 1969); Southwestern Bell Tel. Co. v. Communication Workers of America, 454 F.2d 1333 (5th Cir., 1971).

But even a standard of arguable arbitrability which favors arbitration in the doubtful case, *see* United Steel Workers v. Warrior & Gulf Navigation Co., *supra,* cannot justify our con-

struing an arbitration clause [2] of limited scope into one which vests arbitration of representation questions. Especially is this true where the bargaining history so clearly refutes an intent to arbitrate representation questions. *Compare* Local 12934, U. M. W. v. Dow Corning Corp., 459 F.2d 221 (6th Cir., 1972) with Teamsters Local Unions v. Braswell Motor Freight, Lines, Inc., 392 F.2d 1 (5th Cir., 1968), as modified 395 F.2d 655.

The order denying arbitration is affirmed.

2. Article X of the Collective Bargaining Agreement provides in relevant part as follows:
"Any complaint that might arise out of the application of this Agreement shall, within three (3) days from the date of occurrence, be taken up by the aggrieved employee or employees with their immediate Supervisor; and if the matter is not settled satisfactorily, it may be referred by the aggrieved employee or employees to the Workmen's Committee for investigation. . . .
"Only matter pertaining to interpretation or performance of this Contract shall be submitted to arbitration, and no arbitrator shall have the power to modify, change, or otherwise alter the terms of the contract provisions, or change the discipline that is administered by the Company."