**UNITED ASSOCIATION LOCAL NO. 725 OF MIAMI, FLORIDA, Plaintiff-Appellee,**

v.

**HONEYWELL, INC., a Delaware Corporation, authorized to do business in the State of Florida, Defendant-Appellant.**

No. 77–2355.

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1979.

Marvin O. Granath, David H. Grabham, Minneapolis, Minn., for defendant-appellant.

R. Theodore Clark, Jr., Chicago, Ill., for Pneumatic Control Systems Council.

William T. Coleman, Jr., Allan M. Elster, North Miami Beach, Fla., for plaintiff-appellee.

Before TUTTLE, GOLDBERG and RANDALL, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal raises the question of the correctness of the decision of the trial court that a national collective bargaining agreement entered into by National Pneumatic Control Systems Council (to which Honeywell agrees it was bound) with the United

Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL, expressly requires that an arbitrable dispute between Honeywell and the Local Union 725 under a local agreement must be submitted to arbitration under the terms of the local contract, rather than being submitted to arbitration under the terms of the national contract.

NPCS entered into a national agreement with the AFL union which purported to cover any nationally controlling terms and conditions of employment, but which contemplated that locals throughout the country would be permitted to make their own bargaining arrangements either with the local employer or with a local employer's council. Such a contract was entered into between UA Local 725 and a Miami association, Air Conditioning, Refrigeration, Heating and Piping Association, Inc. In May 1976, the Local filed a complaint with Honeywell, alleging violation of the local agreement, principally on the ground that Honeywell had its supervisors and other non-bargaining unit personnel performing services contracted to be performed by members of the union. Honeywell declined to arbitrate, contending that the dispute was not arbitrable under the terms of the local agreement but under Article XVII of the national contract.

The parties do not dispute the fact that the local contract had an arbitration agreement providing for final and binding arbitration. Under these circumstances, the trial court found that the provisions of Article XVII, paragraphs no. 49 and 50 of the national contract, control. These paragraphs provide as follows:

49. Where a disagreement exists between the Employer and a Local Union concerning the meaning, interpretation or operation of the applicable terms of the Local Agreement, it shall be resolved in accordance with the grievance procedure covered in the Local Agreement.

50. If a local grievance procedure has not been established in a Local Agreement, or if a disagreement, as in paragraph 49 above, remains unresolved after exhausting a local grievance procedure that does not include binding arbitration, the matter shall be resolved under the provisions of this Article.

If this were the only language in the national contract dealing with requirements of the parties to resolve disagreements between the employer and the local union concerning the meaning, interpretation or operation of the terms of the local agreement, it is readily understandable that the trial court should conclude, as it did, that there being such a disagreement between the employer and a local union the court had the duty under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) to require the employer to pursue the arbitration provisions containing Article IX of the local agreement. However, the employer points to the word "applicable" in paragraph 49, and it says that it disagrees that the terms of the local agreement upon which the local relied were "applicable" as between the parties. It therefore relies upon paragraph 51 of Article XVII which provides:

51. Where a disagreement exists between the Employer and a Local Union concerning whether or not a given provision of the Local Agreement should apply, or regarding the intent, meaning, application or compliance with the terms of this Agreement, it should be resolved in accordance with the grievance procedure covered in this Article.

The company says, simply, that paragraph 49 provides that when a local disagreement concerning the interpretation of "applicable" terms of the local agreement exists it shall be resolved under provisions of the local contract only if there is no disagreement between the employer and the local whether the particular provisions of the local agreement "apply;" if there is such a disagreement, then paragraph 51

clearly and unambiguously says that the dispute shall be resolved in accordance with the grievance procedure set out in paragraph 51.

The trial court considered this argument, but concluded, first, that the disagreement was "local in nature" and, second, that to construe paragraph 51 as contended for by the employer, would, in effect, nullify the provisions of paragraph 49.

 The parties spend much of their briefing effort debating the question that has been firmly established by the Supreme Court to the effect that where a contract provides for arbitration all parties should readily recognize their obligation to make the arbitration possible.[1] Neither party here disputes the Congressional policy of submitting disputes through the arbitration machinery as recognized by this Court.[2]

The question here, though, is which arbitration machinery the parties agreed to use. There being no dispute but that the parties are bound by the national contract, the firm Congressional policy favoring arbitration requires us to construe provisions of that contract relative to arbitration in a manner that is described in *United Steel Workers of America v. Warrior & Gulf Navigation Co., supra,* in the following terms:

> An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubt should be resolved in favor of coverage. [footnote omitted]

363 U.S. at 583, 80 S.Ct. at 1353.

The trial court concluded that if it gave literal effect to paragraph 51, then by simply disagreeing that a particular term of the local contract was "applicable" the employer could always nullify the provisions of paragraph 49 saying that local disputes could be arbitrated in accordance with the local contract. The difficulty with this decision is that it failed to recognize that to hold as it did the trial court really nullified paragraph 51. Moreover, the court's decision as to the effect of paragraph 49 would be valid only if we are to assume that under no circumstances would an employer ever fail to agree as to the applicability referred to in paragraph 49. In view of the fact that the bargaining parties expressly agree with these provisions in their binding contract, we cannot make such an assumption. For us to do so, would be to assume that such parties, whose whole purpose was to protect the competing interest involved, did not really know what they were doing.

The question naturally comes to mind as to how material a "disagreement" would have to be for the provisions of paragraph 51 to become operative. We do not reach this question on this record. The appellant seeks to demonstrate that the employer's disagreement as to the applicability of the terms of the local contract is a valid and substantial one. This is doubtless in an effort to demonstrate that the employer's action is not just a *pro forma* disagreement in order to prevent the application of paragraph 49. However, the appellee does not argue that the disagreement of the employer is insubstantial or is merely used for the purpose of nullifying the right otherwise granted in paragraph 49. We, therefore, do not need to consider whether an employer who disagreed with the applicability of the local rules on such an insubstantial or clearly erroneous basis would be sufficient to trigger the provisions of paragraph 51.

1. *United Steel Workers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steel Workers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United States Steel Workers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

2. This Court has adhered to the tests set forth by the United States Supreme Court and referred to it as "arguable arbitrability." *Southwestern Bell Telephone Co. v. Communication Workers of America,* 454 F.2d 1333 (5th Cir. 1971); *International Union of Operating Engineers v. Sid Richardson Carbon Co.,* 471 F.2d 1175 (5th Cir. 1973); *Oil, Chemical & Atomic Workers International Union v. South Union Gas Co.,* 379 F.2d 774 (5th Cir. 1967).

**662**

■ We conclude that the trial court erred in not giving effect to the provisions of paragraph 51, which requires that if there is a disagreement between the employer and the local as to whether the terms of the local agreement upon which the local based its grievance are applicable it must be resolved in accordance with the grievance procedure covered in the national contract.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.