**PHILLIPS PETROLEUM COMPANY, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO, LOCAL NO. 682; International Union of Operating Engineers, AFL–CIO, Local**

564; International Brotherhood of Electrical Workers, AFL–CIO, Local No. 716; International Association of Machinists and Aerospace Workers, AFL–CIO, Local No. 1727; United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO, Local No. 390; and Texas District Council of Carpenters, AFL–CIO, Local No. 526, Defendants.

No. CIV.A. H–02–2671.

United States District Court,
S.D. Texas,
Houston Division.

March 20, 2003.

Kerry E. Notestine, Littler, Mendelson, Fastiff, Tichy & Mathiason, Houston, TX, for Plaintiff.

Jim Hart, Williams Bailey Law Firm, LLP, Houston, TX, for Internat'l Bro'Hood of Boilermakers, Etc. (Local No. 682); Internat'l Union of Operating Engineers, Etc. (Local No. 564) and United Assoc. of Journeymen and Apprentices, Etc. (Local No. 390).

Patrick M. Flynn, Patrick M. Flynn, PC, Houston, TX, for Internat'l Bro'Hood of Electrical Workers, Etc. (Local No. 716); Internat'l Assn of Machinists, Etc. (Local No. 1727); and Texas State District Council of Carpenters AFL–CIO (Local No. 526).

## ORDER

HITTNER, District Judge.

Pending before the Court are Defendants' Motion to Dismiss, Defendants' Mo-

tion for Judgment on the Pleadings, and Plaintiff's Cross Motion for Judgment on the Pleadings. Having considered the motions, submissions, and applicable law, the Court determines that Defendants' Motion to Dismiss should be denied, Defendants' Motion for Judgment on the Pleadings should be denied, and Plaintiff's Cross Motion for Judgment on the Pleadings should be granted.

## I. INTRODUCTION

Plaintiff Phillips Petroleum Company ("Phillips") filed a declaratory judgment action with respect to whether Phillips is required, under the collective bargaining agreements ("CBAs") executed with Defendants, to arbitrate performance incentive plan grievances. Defendants International Brotherhood of Electrical Workers, AFL–CIO, Local No. 716 ("IBEW"); International Association of Machinists and Aerospace Workers Local No. 1727 ("IAM"); and Texas State District Council of Carpenters, AFL–CIO, Local No. 526 ("Carpenters") filed a Motion to Dismiss alleging that the Unions' grievances fall within the CBAs and that the arbitration clause applies to their grievances. These Defendants assert that Phillips has failed to state a valid claim. Defendants International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO, Local 682 ("Boilermakers"); International Union of Operating Engineers, AFL–CIO, Local 564 ("Operating Engineers"); and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO, Local No. 390 ("Pipefitters") filed a Motion for Judgment on the Pleadings and joined the other Defendants[1] in their Mo-

---

1. In this Order, all defendants are collectively    referred to as "the Unions."

tion to Dismiss. Phillips filed a Cross Motion for Judgment on the Pleadings. The parties agree that this Court's determination on these outstanding motions will be dispositive as to Phillips' request for a declaratory judgment.

## II. FACTUAL BACKGROUND

Phillips enters CBAs with various craft unit employees. The Unions who represent these employees are the defendants in the instant suit. In the 1990s, Phillips adopted a Performance Incentive Program ("PIP") that provided incentive compensation based on company and business unit performance. Phillips also adopted a Performance Incentive Program Plus ("PIP+") that provided incentive compensation based on similar criteria to the PIP but at lower award levels. Phillips allowed employees to participate in the PIP+ if the employees were not participants in the PIP.[2] Phillips discussed union participation in the PIP during several rounds of collective bargaining, but no Union elected to participate in the PIP until 2002 when three of the Unions decided to participate. Each of these three Unions individually executed side-agreements with Phillips. The side-agreements outlined the basic PIP participation terms and conditions and, more importantly for this Court's analysis, acknowledged the Unions' withdrawal of their PIP grievances.[3]

In conjunction with a business combination transaction, in July 2000, Phillips transferred the Sweeney, Texas refinery units to a new joint venture, Chevron Phillips Chemical Company, LP ("CPC"). The Sweeney refinery employees transferred to the new joint venture, effective January 2001. CPC established separate bargaining units under different CBAs for the transferred employees. CPC did not offer a PIP+ plan. However, Phillips extended participation in the year 2000 PIP+ to the CPC employees.[4] The CPC employees received a PIP+ payout that was only for the first-half of the year.

Union members filed grievances in 2002 regarding the PIP as well as the PIP+. The PIP grievances alleged that Phillips denied the Unions an opportunity to vote on participation in the PIP. The PIP+ grievances alleged that Phillips violated the terms of the PIP+ by paying the Union members who transferred to CPC a six-month award (rather than a twelve-month award) for the 2000 plan year. Phillips denied the grievances and the Unions demanded arbitration. Phillips filed the instant lawsuit requesting that the Court declare that Phillips is not obligated to arbitrate the Unions' grievances because Phillips did not agree to arbitrate these disputes under the CBAs.

## III. STANDARD OF REVIEW

The motions before the Court are based on Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. The standard for deciding motions under Rule 12(b)(6) and Rule 12(c) are the same. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002) (referencing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 591 (Supp. 2002) ("A number of courts have held that

2. Because the Unions did not agree to participate in the PIP prior to 2002, Phillips included the bargaining units' members in the PIP+ payout.

3. The PIP grievance alleges that Phillips denied the Unions an opportunity to vote on participation in the PIP. The PIP+ grievance alleges that Phillips violated the terms of the PIP+ by awarding CPC employees an amount less than the amount awarded to Phillips employees.

4. Although not contractually obligated to do so, Phillips allowed certain non-PIP participants to participate in the PIP+.

the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (footnote omitted))).

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the complaint liberally in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *See, e.g., Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). The court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* To avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. *Id.* The court will not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* In considering a motion to dismiss, a district court must limit itself to the contents of the pleadings, including attachments thereto. FED. R. CIV. P. 12(b)(6).

A motion to dismiss under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co.,* 313 F.3d at 312 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir.1990) (per curiam) (citing 5A Wright & Miller, *supra,* § 1367, at 509–10)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (citing *Hughes*

*v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8 (5th Cir.2000))).

## IV. *ANALYSIS*

In Defendants' Motion to Dismiss, the Unions contend that Phillips' complaint cannot prove any set of facts entitling it to a declaratory judgment as to the arbitrability of the PIP and PIP+ grievances under the collective bargaining agreements. In its response, Phillips argues that declaratory relief is appropriate and that all necessary elements for declaratory relief have been alleged.

Similarly, in Defendants' Motion for Judgment on the Pleadings, the Unions contend that Phillips' complaint relates to the merits of the case and does not relate to the issue of arbitrability. Phillips responds that declaratory relief is appropriate because the Unions' grievances do not relate to an existing and expressed provision of the CBAs, and therefore, the grievances are not subject to arbitration.

A suit for declaratory relief establishes rights, status, or other legal relationships. It affords an added remedy to a party that is uncertain of its rights and desires an early adjudication without having to wait for an adversary to file suit. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Furthermore, a suit for declaratory relief is the proper procedure to obtain relief from the Unions' institution of arbitration proceedings. *See Kapiolani Med. Ctr. for Women & Children v. Hawaii Nurses Ass'n,* 1989 WL 201078, 132 L.R.R.M. (BNA) 2681, 114 Lab. Cas. P 11,868 (D.Haw.1989); *Columbia Broad. Sys., Inc. v. Am. Recording & Broad. Ass'n,* 414 F.2d 1326 (2d Cir.1969).

■ In 1960, the Supreme Court established the basic principles governing the applicability of arbitration in labor disputes in the *"Steelworkers Trilogy."* See *United Steelworkers of Am. v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of Am. v. Am. Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432 (1960). First, the Court determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting *Warrior & Gulf Navigation Co.,* 363 U.S. at 582, 80 S.Ct. 1347). Furthermore, "where the contract contains an arbitration clause, there is a presumption of arbitrability ... unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute...." *Id.* at 650, 106 S.Ct. 1415 (quoting *Warrior & Gulf Navigation Co.,* 363 U.S. at 582–83, 80 S.Ct. 1347). "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator." *Am. Mfg. Co.,* 363 U.S. at 567–68, 80 S.Ct. 1363. The courts are to decide only whether the arbitration clause in the agreement is "susceptible of an interpretation that covers the asserted dispute." *Warrior & Gulf Navigation Co.,* 363 U.S. at 582–83, 80 S.Ct. 1347.

■ Second, the Court ruled that "whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *AT & T Tech. Inc.,* 475 U.S. at 649, 106 S.Ct. 1415. The Court reaffirmed this second *Steelworkers Trilogy* principle four years later in *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). *Id.* "Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties.... The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty." *AT & T Tech. Inc.,* 475 U.S. at 649, 106 S.Ct. 1415 (quoting *Wiley & Sons, Inc.,* 376 U.S. at 546–47, 84 S.Ct. 909). In addition, the Fifth Circuit has held that the bargaining history of the parties is relevant to the issue of whether the parties agreed to arbitrate a particular issue. *See Int'l Union of Operating Eng'rs v. Sid Richardson Carbon Co.,* 471 F.2d 1175, 1178 (5th Cir. 1973).

■ The third principle of the *Steelworkers Trilogy* indicates that in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the merits of the underlying grievance. *AT & T Tech., Inc.,* 475 U.S. at 649, 106 S.Ct. 1415. Even if the grievance appears frivolous to the court, whether or not the parties agreed to arbitration is the determination to be made by the court. *Id.* at 649–50, 106 S.Ct. 1415.

■ Finally, the fourth principle establishes that arbitration is the "favored method of resolving labor disputes where [CBAs] are in force." *Int'l Ass'n of Machinists & Aerospace Workers v. Indresco, Inc.,* 892 F.Supp. 917, 920 (S.D.Tex.1995) (citing *Enter. Wheel & Car Corp.,* 363 U.S. at 594, 80 S.Ct. 1358; *Warrior & Gulf Navigation Co.,* 363 U.S. at 578, 80 S.Ct. 1347; *Am. Mfg. Co.,* 363 U.S. at 568, 80 S.Ct. 1363). All doubts as to the coverage of the arbitration clause should be resolved

in favor of arbitration. *See Warrior & Gulf Navigation Co.*, 363 U.S. at 583, 80 S.Ct. 1347. Furthermore, courts have held that "a grievance is arbitrable unless (i) it is expressly excluded in the contracts; or (ii) there is forceful evidence of an intent to exclude the claim from arbitration." *Oil, Chem. & Atomic Workers Int'l Union v. Phillips 66 Co.*, 976 F.2d 277, 278 (5th Cir.1992) (quoting *Oil, Chem. & Atomic Workers Int'l Union v. Phillips 66 Co.*, 776 F.Supp. 1189, 1190 (S.D.Tex. 1991)).

■ In this case, the parties agree that arbitration is a contract matter. From there, the views diverge. Although the presumption of arbitrability exists when a contract contains an arbitration clause, Phillips cannot be required to arbitrate a matter which it has not agreed to arbitrate. The CBAs' arbitration provision, Article VI, reads in part: "[s]hould any differences between the company and any employee or group of employees as to the application or interpretation of this agreement arise ... [the parties shall arbitrate the matter]."

The Unions contend that the issue of whether the PIP and PIP+ grievances fall within the CBAs is certainly a question of "interpretation" of the CBA. Given this proposition, according to the Unions, the PIP and PIP+ grievances are subject to arbitration. However, the CBAs cannot be interpreted as to their applicability until the threshold question of whether the parties intended the PIP and PIP+ grievances to fall within the scope of the CBAs is answered. The Unions further contend that the PIP and PIP+ could be considered "security plans or benefits," thus falling within the CBAs' "application." Article VII enumerates examples of security and benefit plans covered under the CBAs, including medical plans, an unavoidable absence plan, lost time due to jury duty benefits, vacation benefits, group life insurance plans, retirement plans, thrift plans, and an active military duty policy. The CBAs indicate that the list is not exhaustive; therefore, the Unions claim that the PIP and PIP+ are "benefits" like those listed. This Court determines, however, that the plans specified on the list are distinguishable from the PIP and PIP+ in that those listed are not compensatory in nature, whereas the PIP and PIP+ are compensatory programs. Thus, the presumption of arbitrability argument advocated by the Unions is premature due to this Court's conclusion that the PIP and PIP+ are not included in the list of benefits.

■ The second *Steelworkers Trilogy* principle establishes that it is the court's responsibility to determine whether a duty to arbitrate a particular grievance exists within the collective bargaining agreement. Therefore, the court must perform the initial contract interpretation. Phillips cannot be required to arbitrate a grievance falling outside the four corners of the collective bargaining agreement. When the bargaining history of the parties is taken into consideration,[5] along with the side-agreements[6] and the CBAs' silence (with regard to the PIP and PIP+), this Court is persuaded that the parties did not intend for the CBAs to encompass the PIP and PIP+.

The third principle of the *Steelworkers Trilogy* limits the judicial determination.

---

5. Part of the bargaining history of the parties is that Phillips sought to discuss union participation in the PIP several times and the Unions declined.

6. Phillips and three Unions executed individual side-agreements to participate in the PIP. The mere existence of these side-agreements leads the Court, in part, to its determination that the CBAs do not encompass the PIP and PIP+.

Under this principle, although the court determines whether a duty to arbitrate exists, it may not rule on the merits of the grievance. Therefore, the court cannot reach the issue of whether or not the PIP and PIP+ grievances are meritorious. Rather, this Court is limited to determining if the grievances are subject to arbitration.

Finally, the Unions argue that the fourth *Steelworkers Trilogy* principle supports their pro-arbitration position. The fourth principle favors arbitration as the method for resolving labor disputes. The Unions contend that the PIP and PIP+ grievances should be submitted to arbitration because no express contractual exclusion exists, and therefore, if there is any doubt as to whether arbitration should proceed, then the Court should resolve the dispute in favor of arbitration.

The principles established in the *Steelworkers Trilogy* indicate that the threshold question as to whether the CBAs create a duty for the parties to arbitrate PIP and PIP+ grievances is a determination for the court. Here, the CBAs are silent as to any performance incentive plans. Furthermore, Phillips determined that employees not participating in the PIP could participate in the PIP+. This determination was not made during contract negotiations where the parties bargained for participation in the payout. Moreover, the three bargaining units that negotiated participation in the PIP subsequently waived their outstanding PIP grievances. The Court, having considered the foregoing together with the entire record, concludes that the CBAs do not cover the performance incentive plans; thus, the PIP and PIP+ grievances are not subject to arbitration. Given the principles set forth in the *Steelworkers Trilogy*, this Court may only rule on whether the grievances are subject to arbitration, not whether the grievances are meritorious. Accordingly, the Court hereby

ORDERS that Defendants' Motion to Dismiss is DENIED, Defendants' Motion for Judgment on the Pleadings is DENIED, and Plaintiff's Motion for Judgment on the Pleadings is GRANTED.